Joseph H. Harkow, Respondent, v. New York City Railway Company, Appellant. (Action No. 10.) Judgment of the Municipal Court affirmed on consent, in open court, with costs. Hirschberg, P. J., Jenks, Hooker, Gaynor and Rich, JJ., concurred.

Charles Hart, Appellant, v. The City of New York, Respondent.— Announcement of decision amended by making the affirmance of the judgment as modified without costs, instead of with costs. Hirschberg, P. J., Hooker, Gaynor, Rich and Miller, JJ., concurred.

George Hellen, Appellant, v. The Brooklyn Heights Railroad Company, Respondent.— Judgment of the Municipal Court affirmed, with costs. No opinion. Woodward, Jenks, Hooker, Gaynor and Rich, JJ., concurred.

Thomas F. Mason, Respondent, v. Evelyn E. Thompson, Appellant.— Judgment and order affirmed, with costs. No opinion. Hirschberg, P. J., Rich and Miller, JJ., concurred; Woodward and Jenks, JJ., dissented.

·Max Milgrim and Jacob Jacobowitz, Appellants, v. William Feuer, Respondent.— Judgment of the Municipal Court affirmed, with costs. No opinion. Hirschberg, P. J., Woodward, Gaynor, Rich and Miller, JJ., concurred.

Thomas Morch, Respondent, v. Elmer P. Smith, Appellant.— Judgment and order affirmed, with costs. No opinion. Jenks, Hooker, Gaynor, Rich and Miller, JJ., concurred.

Edward J. Ward, Appellant, v. New York and East River Ferry Company, Respondent.— Judgment of the County Court of Queens county affirmed, with costs. No opinion. Jenks, Hooker, Gaynor, Rich and Miller, JJ., concurred.

In the Matter of Samuel Cragg and Others for an Order Declaring the Non-official Primaries Election Held by the Independence League of the Sixth Assembly District, County of Kings, on the 24th day of September, 1907, Null and Void, etc.— This order strikes from the official ballot the names of certain candidates for office at the ensuing election. The grounds thereof are certain alleged errors and omissions in the party proceedings preliminary to the nomination of these individuals. We think that the Special Term could not make such order either in the exercise of any inherent power or by virtue of any statutory authority. Section 11 of the Primary Law,* which is cited to us by the respondents, does not authorize such procedure, but is limited to the correction of errors and omissions in the primary proceedings, and does not extend to the correction of the ballots. Moreover, in any event the court did not obtain jurisdiction of two out of the three candidates directly affected by this order. The order is reversed, without costs, and the proceedings dismissed. Present — Hirschberg, P. J., Jenks, Gaynor and Miller, JJ.

J. J. Spurr & Sons, Incorporated, Plaintiff, v. Empire State Surety Company and William F. Fischer, Defendants.— The court is unable to decide this motion as only four justices heard it, and one, on referring to the title of the action in consultation, finds himself disqualified. Present — Hirschberg, P. J., Jenks, Gaynor and Miller, JJ.

---

* See Primary Election Law (Laws of 1899, chap. 473), § 11.—[REP.